IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | 2:18-cr-002(2) |
| v. | : | **CHIEF JUDGE SARGUS** |
| | : | |
| WYDELL COBB, | : | |
| | : | |
| Defendant. | : | |

## AMENDED
## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, the Indictment (Doc. 13) returned in this action contained a Forfeiture Allegation notifying Defendant Wydell Cobb, and others not named herein, that the United States sought the forfeiture of property under 21 U.S.C. § 853(a)(1) and (2), based on the conduct of Defendant Wydell Cobb in Count One of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), including but not limited to the following:

a) Assorted property seized during the execution of a search warrant at 7743 Astra Circle, Reynoldsburg, Ohio on or about December 1, 2017:
   i) Approximately $62,082.00 in U.S. currency;
   ii) A money counting machine;
   iii) A stainless steel Rolex date-just watch hosting a total of 611 diamonds, approximate total diamond weight of 12 ½ karats;
   iv) A 14-karat gold "large curb link" chain, 28 inches in length; and
   v) Assorted cellular telephones; and

b) Assorted property seized during the exeution of a search warrant at 3296 E. 7th Avenue, Apartment C, Columbus, Ohio on or about December 1, 2017:
   i) Approximately $23,919.00 in U.S. currency; and
   ii) Assorted cellular telephones.

WHEREAS, in the Plea Agreement (Doc. 56) filed on July 19, 2018, Defendant Wydell Cobb agreed to plead guilty to Count One of the Indictment. Defendant Wydell Cobb also agreed to voluntarily surrender for forfeiture to the United States all of his right, title, and interest in any and all property constituting or derived from proceeds that were acquired as a result of the activities alleged in Count One of the Indictment, including but not limited the following: $62,082.00 and $23,919.00 in United States currency; a money counting machine; a stainless steel Rolex date-just watch hosting a total of 611 diamonds, approximate total diamond weight of 12 ½ karats; a 14-karat gold "large curb link" chain, 28 inches in length; and assorted cellular telephones.

Defendant Wydell Cobb also agreed to voluntarily surrender for forfeiture to the United States all of his right, title, and interest in any and all firearms and ammunition seized in this case and used or intended to be used to facilitate the activities as alleged in Count One of the Indictment including, but not limited to the following: A Smith & Wesson M+P 15, .556 rifle, serial number SW68436; a Bond Arms Backup 9mm pistol, serial number 143379; a Kel-Tec PLR-22, .22 caliber pistol, serial number U1N82; and, multiple rounds of ammunition.

Defendant Wydell Cobb agreed to give up any rights he may have to notice and an opportunity to be heard concerning the forfeiture and disposition of the above listed property. He also agreed that the property described in the Forfeiture Allegation of the Indictment and his Plea Agreement constitute, or were derived from, proceeds obtained, directly or indirectly, as a result of the criminal activity alleged in the Indictment, and/or was used, or intended to be used, to facilitate the commission of the criminal activity alleged in the Indictment, and as such are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), along with 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(a)(1) and (2); and

WHEREAS, on July 19, 2018, Defendant Wydell Cobb entered a Plea of Guilty to Count One of the Indictment, and agreed to the forfeiture, in accordance with his Plea Agreement; and

WHEREAS, on November 6, 2018, the United States filed a Notice (Doc. 78) with the Court advising that the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") had completed the non-judicial (administrative) forfeiture of the $23,919.00 and $62,082.00 in United States currency; the stainless-steel Rolex; and, the 14-karat gold chain named in the Forfeiture Allegation. As such, an order of forfeiture forfeiting this property to the United States is not necessary; and

WHERAS, on November 6, 2018, the United States filed a Notice (Doc. 79) with the Court advising that the ATF has also completed the non-judicial (administrative) forfeiture of the Smith and Wesson .556 rifle, SN: SW68436; the Bond Arms 9mm pistol, SN: 143379; the Kel-Tec .22 caliber pistol, SN: W1N82; and, multiple rounds of ammunition identified in the defendant's Plea Agreement. As such, an order of forfeiture forfeiting this property to the United States it not necessary; and

WHEREAS, on February 27, 2019, the United States filed an unopposed Motion to Amend the Preliminary Order of Forfeiture (Doc. 96) providing the correct descriptions for the cellular telephones seized in this case and subject to forfeiture from Defendant Wydell Cobb: A black iPhone, Model A1661, and a Samsung, model GT-C33300K cellular telephone, SN: RP3B102351W, seized on or about December 1, 2017, from 3296 E. 7th Avenue, Apartment C, Columbus, Ohio; and

WHEREAS, based upon the record of this case and the agreement of the parties, the Court finds that the requisite nexus exists between the remaining subject property and Count One of the

Indictment; that the subject property is forfeitable under 21 U.S.C. § 853(a)(1) and (2); and that the United States is now entitled to possession of the subject property.

Accordingly, it is hereby **ORDERD, ADJUDGED, AND DECREED:**

1. That Defendant Wydell Cobb shall forfeit to the United States the subject property that is:

    a) **A money counting machine seized from 7743 Astra Circle, Reynoldsburg, Ohio; and**

    b) **The following cellular telephones seized on or about December 1, 2017, from 3296 E. 7th Avenue, Apartment C, Columbus, Ohio:**

        i. **A black iPhone, Model A1661; and**

        ii. **A Samsung, model GT-C33300K cellular telephone, SN: RP3B102351W.**

2. That the United States Marshals Service, or their designated agent, shall immediately seize the subject property and hold same in its secure custody and control.

3. That the United States is authorized to conduct any discovery proper in identifying, locating or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. That in accordance with 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and of its intent to dispose of the subject property in such manner as the Attorney General may direct. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. That pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Wydell Cobb at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

6. That following the Court's disposition of all petitions filed in accordance with 21 U.S.C. § 853(n), or, if no such petitions are filed, following the expiration of the period for the filing of such petitions, the United States shall have clear title to the subject property.

7. That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e)

**ORDERED** this 28th day of February, 2019.

HONORABLE EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/Jonathan J.C. Grey
JONTHAN J.C. GREY (IL 6292918)
KEVIN W. KELLEY (0042406)
Assistant United States Attorneys

5