IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA  :

v.  :  Case No. 2:18CR002

FLOYD L. WILLIAMS  :  CHIEF JUDGE SARGUS

## GOVERNMENT'S SENTENCING MEMORANDUM

Counsel for defendant Williams filed a sentencing memorandum on November 28, 2018, and Williams is scheduled for sentencing on December 10, 2019. For the reasons that follow, the United States requests that a sentence of imprisonment of 96 months be imposed, which is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

As initially established by the Presentence Investigation Report, with his conviction for conspiracy to possess with intent to distribute 400 grams or more of Fentanyl and 500 grams or more of cocaine, defendant Williams has a base offense level of 32. Williams received a two-level reduction for the application of the safety valve provision (U.S.S.G. §5C1.2) as well as three-level reduction for acceptance of responsibility. There is also an objection and/or request for a downward departure by the defendant related to his criminal history score which will be addressed further below. Williams' final offense level is 27 and his criminal history category as currently calculated is III resulting in a sentencing range of 87-108 months.

Defendant has suggested that Williams' criminal history category of III is overrepresented and should be reduced to category II. Specifically, counsel suggests that the reduced charge of "physical control" is less than an OVI as it is a non-moving violation and two

of Williams' prior misdemeanor convictions were related. The Probation Officer has properly noted that pursuant to U.S.S.G. §4A1.2, Application Note #5, all offenses similar to driving while intoxicated or under the influence are always counted no matter "whatever name they are known". Further, since Williams actually had five criminal history points (though only four of this category can be counted), elimination of this conviction would not result in a changed criminal history category and the Probation Officers calculations were correct. Likewise, given that Williams has six prior convictions including three for Obstruction related offenses in multiple jurisdictions as well as both a drug and a separate firearm conviction, the undersigned cannot agree that a criminal history category of III over-represents the seriousness of his offenses nor the likelihood that he will commit other crimes.

While the federal Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

    (1)    the nature and circumstances of the offense and the history and characteristics of defendant;
    (2)    the need for the sentence imposed--
        (A)    to reflect the seriousness of the offense, to promote respect for the law,

            and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Williams.

Williams' conviction is primarily based upon a December 1, 2017, incident in which Williams was involved in the distribution of three kilograms (3000 grams) of Fentanyl. The seriousness of this offense cannot be overstated as Congress has determined that a ten year mandatory minimum sentence was warranted for defendants who traffic as little as 400 grams of this substance. Further, the danger of Fentanyl when cut or adulterated with other substances is evident in the skyrocketing deaths by overdose in Central Ohio. Without any caution or remorse, drug traffickers like Williams regularly use Fentanyl to boost profits at the expense of some of the most vulnerable in the community. Coincidentally, Williams' own half-brother (Maurice Williams aka "Papa Joe") previously had travelled this same path of narcotics dealing.

It is clear that Floyd Williams had a difficult childhood and that his ongoing substance abuse (both Percocets and marijuana) have likely contributed greatly to his involvement in the instant offense. In addition, Williams has recently obtained his GED while incarcerated which provides some hope for his future behavior. However, Williams' lack of verifiable employment as an adult and his ongoing interactions with law enforcement which include convictions for fleeing and giving false information to law enforcement are also negative factors that this Court should consider in fashioning an appropriate sentence.

Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of 96 months. Such a sentence would be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

## Conclusion

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be an offense level of 27, criminal history category III, with a sentencing range of 87-108 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant Floyd Williams be sentenced to a term of imprisonment of 96 months.

Respectfully submitted,

DAVID M. DeVILLERS
United States Attorney

s/Kevin W. Kelley
KEVIN W. KELLEY (0042406)
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 5th day of December 2019, via the Court's electronic filing system (ECF) on counsel for defendant, Dustin Blake.

s/Kevin W. Kelley  
KEVIN W. KELLEY  
Assistant U.S. Attorney